IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Immanuel Jones, | : | Case No. 5:13 CV 1171 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Terry Tibbals, Warden | : | |
| Respondent. | : | |

### I. INTRODUCTION.

This matter is before the undersigned Magistrate pursuant to Local Rule 72.2(b)(2)[1]. Pending is Petitioner's Writ of Habeas Corpus filed pursuant to 28 U. S. C. § 2254[2] (Docket No. 1). Respondent filed a Return of Writ (Docket No. 8), and Petitioner filed a Traverse (Docket No. 9). Also pending is Petitioner's Motion for a Complete Set of Trial Transcripts and for Leave to Amend Traverse (Docket

---

[1] The Clerk shall refer all *pro se* petitions for habeas corpus filed under 28 U.S.C. § 2254, provided such petition has first been reviewed by the Court pursuant to 28 U.S.C. § 1915(d) and Rule 4 of the Rules Governing § 2254 Cases and a decision has been made to require a response to the petition, to a Magistrate Judge for a Report and Recommendation as provided in Local Rule 72.1, *Duties of United States Magistrate Judges*.

[2] The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States. 28 U. S. C. § 2254 (a) (Thomson/West 2007).

No. 11) and Respondent's Opposition (Docket No. 13). For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and the Motion for a Complete Set of Trial Transcripts and for Leave to Amend Traverse.

## II. FACTUAL BACKGROUND

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment in state court, the factual findings made by a state court in the direct appeal shall be presumed to be correct. *Keith v. Mitchell*, 455 F. 3d 662, 666 (6th Cir. 2006) (*citing* 28 U. S. C. § 2254 (e) (1) (2006)). Here, the Court of Appeals for the Ninth District, Summit County, Ohio, made the following findings of fact.

> {¶2} Shortly before midnight, a man armed with a gun threatened Robert Davis and then shot him once in the leg, shattering his femur and severing a vein. Davis recognized the man as [Immanuel] Jones and used his cell phone to call 911. He then handed his cell phone to a woman he was with at the time and waited for help to arrive. Emergency medical personnel arrived first on the scene and began to treat Davis. Davis told one of the medics that a man named "Manny" had attacked him. He also gave the medic Manny's address. After the police arrived and the medics placed Davis into an ambulance, Davis gave the police the same information. Additionally, Davis later selected Jones from a photo array.
>
> {¶ 3} The police went directly to the address Davis provided them for Manny, as it was nearby the crime scene. A woman at the home identified herself as Jones' mother and confirmed that "Manny" was Immanuel Jones, but that he was not home. The police stopped Jones after he returned home several hours later. Their search of the crime scene also uncovered a black, white, and gray knit cap on the ground not far from the spot where Davis was shot. Subsequent forensic testing revealed that Jones could not be excluded as the contributor of one of the two deoxyribonucleic acid (DNA) profiles found on the cap.

*State v. Jones*, 2012 WL 2337530, *1 (June 20, 2012); BLACK'S LAW DICTIONARY (9th ed. 2009).

## III. PROCEDURAL BACKGROUND.

On June 23, 2011, a grand jury indicted Petitioner on three counts:

(1)  Felonious assault, in violation of OHIO REV. CODE § 2903.11(A)(1)/(2), with firearm

        specification under OHIO REV. CODE § 2941.145.
(2)    Having weapons while under disability, in violation of OHIO REV. CODE § 2923.13(A)(2)/(3).
(3)    Aggravated trespass, in violation of OHIO REV. CODE § 2911.211 (Docket No. 8-1, p. 3 of 85).

On October 14, 2011, Petitioner was found guilty by a jury of felonious assault with a firearm specification as contained in Count One of the Indictment and guilty of having weapons under disability as contained in Count Two of the Indictment, which offenses occurred after July 1, 1996. The remaining charge of aggravated trespass as contained in Count Three of the Indictment was severed prior to trial. The court dismissed Count Three at the sentencing hearing based upon the recommendation of the prosecutor.

On November 22, 2011, Petitioner was sentenced to the Ohio Department and Corrections for:

Count One    Definite term of five years and an actual three years mandatory sentence for possession of a firearm.
Count Two    An actual three years for punishment for having a weapon while under disability.

The three-year mandatory sentence was ordered to be served prior to and consecutively with the sentence in Count One which is to be served concurrently with Count Two for a total of eight years incarceration. Petitioner was ordered to serve three years mandatory post-control release (Docket No. 8-1, pp. 5-6; 26-27 of 85).

Petitioner filed a notice of appeal on December 14, 2011 (Docket No. 8-1, p. 7 of 85). In the brief on the merits filed on February 21, 2012, two assignments of error were presented:

(1)    The verdict of the trial court was against the manifest weight of the evidence since the State of Ohio failed to prove each and every element of the crime of felonious assault and having a weapon under disability beyond a reasonable doubt.
(2)    Petitioner was denied effective assistance of counsel when counsel failed to challenge impermissibly suggestive identification procedures and failed to request an expert review of the offered DNA evidence (Docket No. 8-1, p. 12 of 85).

On June 20, 2012, the court of appeals affirmed his conviction and determined that:

(1)  The conviction was based on credible identification of Petitioner as the shooter by the victim at the time he was treated for the gunshot wound in the photographic array and at trial. Incidentally, since Petitioner failed to challenge the admissibility of the victim's identification made when viewing the photographic array, he forfeited any objection to the identification procedure, thus limiting himself to a claim of plain error on appeal.

(2)  Petitioner failed to demonstrate that counsel's failure to retain an independent DNA expert or file a motion to suppress was deficient in any way (Docket No. 8-1, pp. 57-65 of 85).

Petitioner filed a notice of appeal in the Supreme Court of Ohio on August 2, 2012 (Docket No. 8-1, pp. 66-68 of 85). In the memorandum in support of jurisdiction, Petitioner asserted one proposition of law:

A trial court commits plain error and violates a defendant's due process rights when it permits a victim to testify that he identified the defendant from a second photo array identification lineup, after he first failed to identify the defendant from the initial photo array identification lineup (Docket No. 8-1, p. 69 of 85).

On October 24, 2012, Chief Justice Maureen O'Connor denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Docket No. 8-1, p. 85 of 85).

Petitioner had the benefit of a ninety-day period following the entry of judgment by the state court of last resort–the Supreme Court of Ohio--in which to file a petition for writ of *certiorari* in the United States Supreme Court. 28 U. S. C. § 2101(c) (Thomson Reuters 2014). Petitioner did not file such petition for writ of *certiorari*.

On May 24, 2013, Petitioner filed a Petition for Writ of Habeas Corpus, alleging:

(1)  He was denied effective assistance of trial counsel. Trial counsel was clearly ineffective when counsel failed to challenge impermissibly suggestive photo array identification procedures and failed to request expert review of offered DNA evidence.

(2)  The trial court committed plain error and violated Petitioner's due process rights when it permits a victim to testify that he identified the defendant from a second photo array identification lineup, after he first failed to identify the defendant from the initial photo array identification and lineup was derived from unnecessarily suggestive procedures which have a likelihood of leading to misidentification, thereby, violating Petitioner's right to due process (Docket No. 1, pp. 5-6 of 16).

## IV. JURISDICTION

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (Thomson/West 2002)). The "in custody" requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty. *Id.* (*citing Hensley v. Municipal Court*, 93 S. Ct. 571, 1574-1575 (1973)).

Petitioner was convicted in the Summit County Court of Common Pleas and he is incarcerated at the Mansfield Correctional Institution in Mansfield, Ohio. For purposes of habeas jurisdiction, Petitioner is "in custody." Furthermore, Petitioner alleges that the trial court violated his rights to the constitutional protections of the Sixth and Fourteenth Amendments to the United States Constitution. Such allegations, if true, violate the Constitution or laws of the United States. Therefore, this Court has jurisdiction to conduct habeas review.

## V. PROCEDURAL REQUIREMENTS.

The threshold considerations in judicial review of a habeas case are: 1) whether the petitioner legitimately presented his or her claims in a timely manner and (2) whether the petitioner complied with the prerequisites for filing habeas corpus.

### A. THE STATUTE OF LIMITATIONS.

On April 24, 1996, Congress passed the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT (AEDPA)*,* in which 28 U.S.C. § 2244 was amended to include a new one year limitations period in which prisoners could file a petition for a writ of habeas corpus in the federal courts pursuant to 28 U.S.C. § 2254. *Swingle v. Money*, 215 F.Supp.2d 919, 921 (N.D.Ohio,2002). Under the AEDPA, a petitioner

must file an application for a writ of habeas corpus within one year of the date upon which the judgment becomes final. *Id.* (*See* 28 U.S.C. § 2244(d)(1)). A judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Id*. (*citing* 28 U. S. C. § 2244(d)(1)(A)).

The one year period is tolled for that amount of time in which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. *Payton v. Brigano*, 256 F.3d 405, 409 (6th Cir. 2001) *cert. denied*, 122 S. Ct. 1081 (2002). The limitations period is tolled for the 90-day period in which a petitioner could seek *certiorari* in the United States Supreme Court. *DeDonno v. Hurley,* 2008 WL 2048205, *5 (N.D.Ohio, 2008) (*See Lawrence v. Florida*, 127 S.Ct. 1079 (2007)).

Here, because Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, the judgment of conviction became final ninety days after October 24, 2012, the date when Chief Justice Maureen O'Connor denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional. On January 26, 2013, the statute began running. Petitioner filed his Petition for Writ of Habeas Corpus on May 24, 2013, well before the statute of limitations expired.

**B.     EXHAUSTION**

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. *Starks v. Sheldon,* 2013 WL 3992592, *31 (N.D.Ohio,2013) (*citing* 28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 109 S.Ct. 1056, 1059 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir.1991)). A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Id.* (*citing Anderson v. Harless*, 103 S.Ct. 276 (1982); *Picard v. Connor*, 92 S.Ct. 509 (1971); *Shoultes v. Laidlaw*,

886 F.2d 114, 117 (6th Cir.1989)). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Id.* (*citing Picard, supra*, 92 S.Ct. at 512; *see also Harris v. Reeves*, 794 F.2d 1168, 1174 (6th Cir.1986)). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Id.* (*citing Manning v. Alexander*, 912 F.2d 878, 881–883 (6th Cir.1990)).

    **1.**    **GROUND ONE**

Respondent asserts that Ground One is procedurally defaulted because Petitioner never raised this claim in his state proceedings. Respondent is correct. The Magistrate has thoroughly reviewed the state court record and finds that Petitioner never raised this particular ineffective assistance of counsel claim on direct appeal:

> Petitioner was denied effective assistance of counsel when counsel failed to challenge impermissibly suggestive identification procedures and failed to request expert review offered DNA evidence (Docket No. 8-1, p. 12 of 85).

Petitioner did not comply with the required federal exhaustion review, failing to sufficiently raise this first claim in a constitutional context of due process and fundamental fairness in the memorandum filed with the Supreme Court of Ohio. Rather, he expanded the scope of the sub-claim which described counsel's alleged ineffectiveness.

> A trial court commits plain error and violates a defendant's due process rights when it permits a victim to testify that he identified the defendant from a second photo array identification lineup, after he first failed to identify the defendant from the initial photo array identification lineup (Docket No. 8-1, p. 69 of 85).

In the Petition for Writ of Habeas Corpus, Petitioner related his first claim to the allegations made in his direct appeal:

> He was denied effective assistance of counsel at the trial court. Trial counsel was clearly

7

> ineffective when counsel failed to challenge impermissibly suggestive photo array identification procedures and failed to request expert review of offered DNA evidence.

The Magistrate finds that Petitioner's first claim was not fairly presented to the highest court in the state. It is well established that to fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his or her claim. In order to satisfy this requirement, and avoid a procedural default, the petitioner's federal habeas petition must be based on the same theory presented in the state court and cannot be based on a wholly separate or distinct theory. *Carter v. Mitchell,* 693 F.3d 555, 568 -569 (6th Cir. 2012) (*citing Wong v. Money*, 142 F.3d 313, 322 (6th Cir.1998)).

In the direct appeal, Petitioner criticized counsel for failing to obtain expert DNA testimony or challenge the identification. When seeking review in the Supreme Court of Ohio, Petitioner changed theories, challenging the trial court's decision to admit the identification evidence. The allegations made in the appellate court and the Supreme Court of Ohio were based on separate and distinct claims. This Court may not consider Petitioner's ineffective assistance of counsel claim which was not resolved on the merits in the state proceeding due to Petitioner's failure to raise them as required by state procedure.

 **2. GROUND TWO**

Petitioner's second claim:

> the trial court commits plain error and violated Petitioner's due process rights when it permits a victim to testify that he identified the defendant from a second photo array identification lineup, after he first failed to identify the defendant from the initial photo array identification lineup and the identification derived from unnecessarily suggestive procedures which have a likelihood of leading to misidentification. . . .

was not raised with specificity on direct appeal and is therefore procedurally defaulted. Where a claim is procedurally defaulted because it was not raised on direct review, the claim may be raised in habeas only if Petitioner can first demonstrate cause and actual prejudice or that he is actually innocent. The Magistrate will discuss whether Petitioner's noncompliance with the state rule actually resulted in

default or whether the default can be excused.

### C. PROCEDURAL DEFAULT.

In the Sixth Circuit, noncompliance with a state procedural rule may serve as a bar to habeas review. *Dickerson v. Sheldon,* 2013WL 4060668, *16 (N.D.Ohio,2013) (*citing Scott v. Brunsman*, 694 F.Supp.2d 771, 779 (N.D.Ohio, 2010)). To make that determination, the reviewing court must undertake a four-part analysis set forth in *Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986), to determine if federal habeas review is actually precluded by the petitioner's failure to observe a state procedural rule. *Id*.

#### 1. THE MAUPIN FACTORS DEFINED.

First, there must be a state procedural rule in place that the petitioner failed to follow. *Id*. (*citing Smith v. State of Ohio Department of Rehabilitation and Corrections*, 463 F.3d 426, 431 (6th Cir.2006) (*citing Maupin*, 785 F.2d at 138)).

Second, the state court must have actually denied consideration of the petitioner's claim on the ground of the state procedural default. *Id*. (*citing Smith*, 463 F.3d at 501–502).

Third, the state procedural rule must be an "adequate and independent state ground to preclude habeas review." *Id*. at *17.

##### a. CAUSE AND PREJUDICE DEFINED.

In all cases in which a state prisoner has defaulted his or her federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate "cause" for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* (*citing Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir.2012) *cert. denied*, 133 S.Ct. 311 (2012) (*citing Coleman*, *supra*, 111 S.Ct. at 2565)). The "cause" for default standard in

procedural default cases requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise a claim in the state courts. *Id.* (*citing McCleskey v. Zant*, 111 S.Ct. 1454, 1469 (1991) (internal quotation marks omitted)). Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing of a factual or legal basis for a claim that was not reasonably available. *Id.* (*citing McCleskey*, 111 S.Ct. at 1470)).

The prejudice prong is an elusive concept but several guidelines can be discerned from the Supreme Court's pronouncements and the case law interpreting those pronouncements. *Id.* (*citing Maupin, supra*, 785 F.2d at 139). First, it is clear that the prejudice that must be shown must be a result of the alleged constitutional violation and not a result of the trial counsel's failure to meet state procedural guidelines. *Id.* (*see United States v. Frady*, 102 S.Ct. 1584, 1594 (1982) (prejudice must result from the errors of which defendant complained)). Second, the burden is on the petitioner to show that he or she was prejudiced by the alleged constitutional error. *Id.* (*citing Frady*, 102 S.Ct. at 1595). Moreover, the petitioner must show that there was actual prejudice not merely a possibility of prejudice. *Id.* (*see also Engle v. Isaac*, 102 S.Ct. at 1572). Third, in analyzing a petitioner's contention of prejudice, the court should assume that the petitioner has stated a meritorious constitutional claim. *Id.* Thus, the examining court must determine whether the petitioner was prejudiced by his conviction based on allegedly insufficient evidence. *Id.*

   **b.**   **FUNDAMENTAL MISCARRIAGE OF JUSTICE**.

A fundamental miscarriage of justice results when one who is "actually" innocent is convicted. *Id.* (*citing Gibbs v. United States*, 655 F.3d 473, 477 (6th Cir.2011) *cert. denied*, 132 S.Ct. 1909 (2012). Actual innocence means factual innocence, not merely legal insufficiency. *Id.* (*citing Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999)). "Actual innocence" is an extremely narrow exception, and

"claims of actual innocence are rarely successful." *Id.* (*citing Gibbs*, 655 F.3d at 477) (*citing Schlup v. Delo*, 115 S.Ct. 851, 864 (1995)). Moreover, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* (*citing Herrera v. Collins*, 113 S.Ct. 853, 862 (1993)).

### 2. THE MAUPIN FACTORS APPLIED TO PETITIONER'S SECOND CLAIM.

As Respondent aptly points out, Petitioner is foreclosed from habeas review of Ground Two based on Ohio's doctrine of *res judicata*. In Ohio, claims appearing on the face of the record must be raised on direct appeal, or they will be waived under Ohio's doctrine of *res judicata*. *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 104 (1967).

In analyzing the second and third *Maupin* factors, the Magistrate concludes that *res judicata* is an adequate and independent state ground sufficient to foreclose habeas review of constitutional errors. *Dickerson, supra*, (*citing Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir.2001) *cert. denied*, 122 S.Ct. 1639 (2002)). The Sixth Circuit has rejected claims that Ohio has failed to apply the doctrine of *res judicata* consistently. *Id.* (*citing Greer v. Mitchell*, 264 F.3d 663, 673 (6th Cir.2001); *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002)).

The Magistrate concludes that the appellate and Supreme Courts would have relied upon their own procedural rules to deny Petitioner leave to pursue this untimely filed, unexhausted issue on appeal. The state court could rely on *res judicata* to foreclose review of Petitioner's claims. Thus, the second and third prongs of the Maupin test have been met.

This claim is procedurally defaulted and may not be considered by this Court on habeas review unless Petitioner has demonstrated cause for the default and actual prejudice as a result of the alleged violation. Petitioner fails to make such an argument establishing cause. Since the cause and prejudice

11

standard is in the conjunctive, Petitioner's failure to show "cause" ends the analysis. Petitioner's procedurally defaulted claim may not be considered by this habeas court.

Implicit in Petitioner's argument is a claim that constitutionally ineffective assistance of counsel was the reason for his default. However, such a claim that is itself procedurally defaulted cannot be used as cause to excuse another procedurally defaulted claim. *Edwards v. Carpenter,* 120 S.Ct.1587, 1592 (2000).

Petitioner neither asserted a claim for actual innocence nor established that the Court should not have confidence in the trial court's finding of guilt. As a consequence, the Magistrate cannot overlook his violation of the AEDPA procedural rules.

### VI. PETITIONER'S REQUEST FOR A TRANSCRIPT

Without presenting legal authority to support his proposition, Petitioner requests a free transcribed record of his state trial. Petitioner fails to argue that he is entitled to habeas relief on the basis that he was deprived of a second free trial transcript.

Respondent argues that Petitioner has not demonstrated that the transcript is necessary to the resolution of his claims. Simply, submission of the transcripts would be superfluous.

The Magistrate finds it unnecessary to decide whether Petitioner is entitled to a copy of the trial transcript for the present proceeding without a particularized showing that the transcribed record from the underlying state court proceedings will cure the procedural bar to habeas review. As a practical matter, Petitioner has not pointed to anything in the transcript that would support any constitutional claim. Legally, it is well established that an appellant does not have an unqualified right to a transcript at the state's expense in a collateral matter. *United States v. MacCollom*, 96 S. Ct. 1086, 2090 (1976) (upholding the constitutionality of a statute limiting the availability of a free transcript in federal habeas

corpus actions); *Rickard v. Burton*, 2 Fed. Appx. 469, 470 (6th Cir.2001) (noting that there is no constitutional right to a free transcript to prepare for a post-conviction proceeding)).

Accordingly, the undersigned Magistrate recommends that as a matter of law, the Court deny Petitioner's request for a free transcript. His request for leave to amend the Traverse is moot.

### VII. CONCLUSION.

For the foregoing reasons, the Magistrate recommends that the Court (1) deny the Petition for Writ of Habeas Corpus; (2) deny the Motion for a Complete Set of Trial Transcripts and for Leave to Amend Traverse; and (3) terminate the referral to the undersigned Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate

Date:   March 11, 2014

## VIII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.